IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TERRI BONNY, et al., on behalf of themselves and all others similarly situated,**<br><br>        **Plaintiffs,**<br><br>    **v.**<br><br>**BENCHMARK BRANDS, INC.,**<br><br>        **Defendant.** | **1:16-cv-3150-WSD** |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment Against Defendant Benchmark Brands, Inc [4] ("Motion for Default").

### I.   BACKGROUND

On August 26, 2016, Plaintiffs, on behalf of themselves and all others similarly situated, filed their class action complaint [1], alleging Defendant Benchmark Brands, Inc. ("Defendant") violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act") when it terminated its approximately 230 employees, closed its facilities, and halted operations all on the same day and without the advanced notice required under the WARN Act.  On September 12, 2016, Plaintiffs filed their proof of service on

Defendant.  ([3]).  On November 28, 2016, Plaintiffs filed their Motion for Default.  Though Plaintiffs style their motion as seeking "default judgment," Plaintiffs in fact seek, pursuant to Federal Rule of Civil Procedure 55(a), a clerk's entry of default against Defendant.  Plaintiffs also ask the Court to certify their identified class, and to allow them to submit affidavits in support of their claimed damages.

## II.   DISCUSSION

The law in our Circuit is clear:

> Under Rule 55 of the Federal Rules of Civil Procedure, there is "a two-step procedure for obtaining a default judgment." <u>Deforest v. Johnny Chisholm Global Events, LLC</u>, No. 3:08-cv-498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010); <u>see also</u> Fed. R. Civ. P. 55(a), (b).  First, the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Second, after a default is entered, the party must then apply to the court for a default judgment.  <u>See</u> Fed. R. Civ. P. 55(b).  As a result, "the clerk's entry of default must precede an application" for default judgment.  <u>Deforest</u>, 2010 WL 1792094 at *7 (citing <u>Fairman v. Hurley</u>, 373 F. Supp. 2d 227, 231 (W.D.N.Y.2005)); <u>Travelers Cas. & Surety Co. of Am., Inc. v. E. Beach Dev., LLC</u>, Civil Action No. 07-0347-WS-B, 2007 WL 4097440, * 1 (S.D. Ala. Nov.14, 2007) ("The point is that a clerk's entry of default must precede an application to the district court for entry of default judgment.").

<u>Frazier v. Absolute Collection Serv., Inc.</u>, 767 F.Supp.2d 1354, 1360 (N.D. Ga. 2011); <u>see also</u> 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under

either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Once a default has been entered, the plaintiff may move for default judgment pursuant to Rule 55(b). Doe v. Clifford Fort Myers, LLC, No. 2:07-cv-334-FtM34SPC, 2008 WL 1776897, * 1 (M.D. Fla. Apr.16, 2008). "The law is clear that these two separate steps cannot be combined into one . . . . Rather, the clerk's entry of default must precede an application to the district court for entry of default judgment." Bardfield v. Chisholm Properties Circuit Events, LLC, No. 3:09-cv-232-MCR-EMT, 2010 WL 2278461, *6 (N.D. Fla. May 4, 2010).

     Plaintiffs, who move for a clerk's entry of default under Rule 55(a), styled their Motion as one seeking "default judgment," which is appropriate under Rule 55(b). The Clerk is directed to enter default against Defendant in favor of Plaintiffs. After default is entered, Plaintiffs may file their motion for default judgment pursuant to Rule 55(b) and, if appropriate, a motion for class certification with any supporting documentation Plaintiffs seek the Court to consider. Plaintiffs also seek the Court's permission to submit affidavits in support of their claimed damages. Any supporting affidavits in support of Plaintiffs' claimed damages should be submitted with Plaintiffs' Rule 55(b) motion for default judgment.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment Against Defendant Benchmark Brands, Inc [4] is **GRANTED** and the Clerk is **DIRECTED** to enter default against Defendant.  After default is entered, Plaintiffs may file their motion for default judgment pursuant to Rule 55(b) and, if appropriate, a motion for class certification, with any supporting documentation Plaintiffs seek the Court to consider.  Any supporting affidavits in support of Plaintiffs' claimed damages should be submitted with Plaintiffs' Rule 55(b) motion for default judgment.  The Court may be required to conduct a hearing under Rule 55(b).

**SO ORDERED** this 10th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE